IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAVOND HILL,                )
                            )
          Plaintiff,        )
                            )
     vs.                    )   Civil Action No. 3:21-cv-8
                            )   Judge Stephanie L. Haines
JOHN WETZEL, et al.         )
                            )
          Defendants.       )

## MEMORANDUM ORDER

This is a civil rights case brought under 42 U.S.C. § 1983 by Lavond Hill ("Plaintiff"), a prisoner currently incarcerated at State Correctional Institution- Houtzdale (SCI-Houtzdale). This matter was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S. C. §636, and Local Civil Rule 72.

In his complaint (ECF No. 5), Plaintiff essentially alleges Defendants John E. Wetzel, Berry Smith, Bobbi J. Salamon, D. Close, J. Jones, Lewis, Probursky, Gondek, Hunt, N.J. Moyer, Deloretta, Vicklund and J. James committed various abuses against him, including depriving him of showers, depriving him of his personal property, and falsifying misconduct reports against him. Plaintiff asserts claims of retaliation, cruel and unusual punishment, harassment, loss/damage/destruction of property, negligence, assault and battery, denial of access to courts, deliberate indifference, and conspiracy against all Defendants. *Id.* at ¶36.

On January 20, 2021, Plaintiff filed a "motion of preliminary injunction and/or TRO" (ECF No. 6) and on March 18, 2021, Plaintiff filed a "motion for TRO and preliminary injunction" (ECF No. 8) and a brief (ECF No. 9) and declaration (ECF No. 10) in support of that motion. On April

1

8, 2021, Plaintiff filed another brief (ECF No. 12), declaration (ECF No. 13), and a proposed order to show cause why a preliminary injunction should not issue as to his requested relief (ECF No. 14). In these filings, Plaintiff seeks injunctive relief relating to the grievances he alleges in the complaint (ECF No. 5), and asserts new requests not included in the complaint for relief as to his conditions of confinement.

On September 2, 2021, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 17) recommending, pursuant to his screening of Plaintiff's complaint (ECF No. 5) under 28 U.S.C. § 1915A and § 1915(e)(2), the claims in Plaintiff's complaint (ECF No. 5) should be dismissed without prejudice. Magistrate Judge Pesto also recommended Plaintiff's motions filed at ECF No. 6 and ECF No. 8 should be denied. As an unregistered ECF user, Plaintiff had until September 20, 2021 to file objections to the Report and Recommendation (ECF No. 17). *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2.

On September 14, 2021, Plaintiff filed a motion generally requesting an extension of time, stay, or postponement of any and all proceedings concerning the cases Plaintiff has pending with the Court (ECF No. 19). An identical motion was filed in another Section 1983 case Plaintiff filed with this Court at Case No. 2:19-cv-960. The motion filed at ECF No. 19 is also similar in substance to a motion to stay Plaintiff previously filed on August 4, 2021 at ECF No. 16, requesting a general stay of litigation because Plaintiff was on "paper restriction," which was denied. The motion filed at ECF No. 19 also describes Plaintiff was recently on "paper restrictions" and enumerates the various other active legal proceedings and filings Plaintiff has pending.[1]

---

[1] The Court notes these motions to generally stay the litigation are in contrast to Plaintiff's mandamus petition he filed with the Third Circuit requesting this Court rule on his motions filed at ECF Nos. 6 and 8. *In re Hill*, No. 21-1783, 2021 U.S. App. LEXIS 26859 (3d Cir. Sep. 7, 2021). The Third Circuit denied Plaintiff's mandamus petition but advised such denial was without prejudice to Plaintiff filing another mandamus action if this Court did not take meaningful steps in

Magistrate Judge Pesto denied the motion filed at ECF No. 19 as Plaintiff failed to state a basis for an extension of time (ECF No. 20). To date, Plaintiff has not filed any objections to the Report and Recommendation (ECF No. 17).

After review of the Report and Recommendation (ECF No. 17) and the other motions, pleadings, and documents filed in this case under the applicable "reasoned consideration" standard, *see EEOC V. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D, the Court will adopt the Report and Recommendation (ECF No. 17) as the Opinion of this Court. The Court DENIES Plaintiff's motions for a preliminary injunction and/or TRO (ECF Nos. 6 and 8) and dismisses Plaintiff's complaint with leave to amend.

Magistrate Judge Pesto correctly determined Plaintiff failed to show he is entitled to preliminary relief. To obtain the "extraordinary remedy" of a preliminary injunction, the moving party must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. *Acierno v. New Castle Cnty.*, 40 F.3d 645, 655 (3d Cir. 1994). Furthermore, because of the "complex and intractable problems of prison administration," a request for injunctive relief in the prison context calls for caution and judicial restraint. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995); *see also* 18 U.S.C. § 3626(a)(2). Plaintiff has failed to articulate a cognizable claim and meet his meet his burden to show a

---

furtherance of adjudicating Plaintiff's motions by October 7, 2021. The Court therefore rules on these motions at this time as prompt attention is required for motions requesting immediate injunctive relief. *Id.* at *2.

3

likelihood of success on the merits. Magistrate Judge Pesto appropriately denied Plaintiff's requests for preliminary injunctive relief.

Magistrate Judge Pesto also appropriately found Plaintiff failed to state a claim under Rule 8, but that Plaintiff may amend his claims as it may not be futile or inequitable to permit amendment at this time. Although there is not a heightened pleading standard in a §1983 case, a §1983 complaint must bear reasonable relation to the rules. Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader. *See* Fed. R. Civ. P. 8(a). Plaintiff is reminded that if he files an amended complaint, the amended complaint must be complete in all respects and must be a new pleading which stands by itself without reference to any complaint previously filed. The amended complaint should set forth Plaintiff's claims in short, concise, and plain statements and should explain to the Court what happened by specifically describing each defendant's behavior or action and how that behavior or action — or lack of action — resulted in the alleged violations of Plaintiff's Constitutional rights. If Plaintiff fails to timely file an amended complaint adhering to the standards set forth above, this case will be subject to dismissal.

## **ORDER OF COURT**

AND NOW, this 29th day of September, 2021, IT IS HEREBY ORDERED that Plaintiff's motions for preliminary injunction and/or TRO filed at ECF Nos. 6 and 8 are DENIED; and,

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 17) is adopted as the Opinion of the Court as provided herein; and

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 5) is hereby DISMISSED WITHOUT PREJUDICE. Within twenty (20) days from the date of this Order, Plaintiff may file

an amended complaint in this case in accordance with the Federal Rules of Civil Procedure. Failure to timely file an amended complaint in this case in accordance with this Court's Orders will result in the dismissal of this case.

*signature*

Stephanie L. Haines
United States District Judge