## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAVOND HILL,                               )
                                           )
        Plaintiff,                     )
                                           )
    vs.                                    )   Civil Action No. 3:21-cv-008
                                           )   Judge Stephanie L. Haines
JOHN E. WETZEL, *et al.*,                   )   Magistrate Judge Keith A. Pesto
                                           )
        Defendants.                    )
                                           )
                                           )

### MEMORANDUM ORDER

Presently before the Court is an Amended Complaint in civil action under 42 U.S.C. § 1983

filed *pro se* by Lavond Hill ("Plaintiff") (ECF No. 30). Plaintiff sued twenty-five defendants for

incidents which took place at the State Correctional Institution at Houtzdale ("SCI-Houtzdale"),

which Plaintiff claims violated the law and his civil rights. *Id.* at 2. This matter was referred to

Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act,

28 U.S.C. § 636, and Local Civil Rule 72.D.

### A.    Standard of Review

Under the Prisoner Litigation Reform Act ("PLRA"), courts are required to screen

complaints brought by prisoners in all *in forma pauperis* cases and to *sua sponte* dismiss cases that

are frivolous or that fail to state a claim on which relief may be granted.[1] 28 U.S.C. §§ 1915(e)(2),

1915A; and 42 U.S.C. § 1997e(c)(1); *see also Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108

(3d Cir. 2002). "[A] complaint...is frivolous where it lacks an arguable basis in either law or fact."

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989). In determining whether the factual assertions are

clearly baseless, and the complaint is therefore frivolous, a court need not accept its allegations as

---

[1] *See* ECF No. 3, Plaintiff's Motion for Leave to Proceed *in forma pauperis*. Memorandum Order granting Plaintiff's Motion for Leave to Proceed in formal pauperis (ECF No. 4).

true. *See Denton v. Hernandez,* 504 U.S. 25, 33 (1992). The legal standard for dismissing a complaint under these statutes for failure to state a claim is identical to the legal standard used when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *see also D'Agostino v. CECOM RDEC,* 436 Fed. App'x 70, 72-73 (3d Cir. 2011).

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint, including one filed by a *pro se* litigant, must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 570). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"; "labels and conclusions"; and "'naked assertion[s]' devoid of 'further factual enhancement'." *Iqbal,* 556 U.S. at 678-79 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id.* at 679. Nevertheless, because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.

**B.   Discussion**

Plaintiff complains of various forms of mistreatment that began when he was transferred

2

from SCI-Fayette to SCI-Houtzdale on June 4, 2020. He begins by stating he filed many grievances against the Defendants named in his Amended Complaint, ECF No. 30, ¶ 17, and that some were processed to appeal, and others were not. *Id.* ¶ 65. He claimed that all Defendants had a practice of restricting grievances or legal complaints against employees of the Department of Corrections. *Id.* ¶ 64. Moreover, Plaintiff states that Defendants acted as a conspiracy in retaliation for his filing grievances and lawsuits against them. *Id.* ¶¶ 18, 62.

He states on January 5, 2021, Defendants Proborsky, Vicklund, Hunt, N. Smith, DeLauretta, and Moyer came to his cell to remove his personal property. *Id.* ¶ 22. Vicklund handcuffed and animal tethered him, violently pulling on the tether, and slamming his face against the wall while the others confiscated his property. *Id.* Plaintiff asserts his right wrist and elbow were injured and that he was seen by medical staff but did not receive treatment. *Id.* ¶¶ 23-4. Though he doesn't state what treatment he required.

Plaintiff describes similar acts by Defendants Porta, Hollis, and Riddle, *id.* ¶¶ 27-29, and McDowell, Dyche, Smith, Ivicic, and Close. *Id.* ¶¶ 55-58. He also asserts that Defendants Hummel and N. Smith slammed Plaintiff's wrist in the aperture while he reached for a meal, *id.* ¶¶ 37-38; that Defendants Ebersole, Matthews, Pearce, and Gondek committed violent acts against him causing injury, *id.* ¶¶ 45, 47-49, 52-53; and that he did not receive medical treatment for any injuries he sustained at the hands of Defendants. *Id.* ¶ 50. Finally, Plaintiff states Defendant Warden Smith observed the mistreatment and did nothing. *Id.* ¶ 32.

Plaintiff complains of frequent and unnecessary transfers between cells, including transfers to inhumane cells that were dirty and cold and only contained a steel bed frame, a sink, and a toilet. The transfers were at the direction of Defendant Jones and carried out by Defendants Young and N. Smith. *Id.* ¶¶ 25-26. On one transfer, Defendants Kurtz and Riddle fondled Plaintiff's buttocks

while Jones watched. *Id.* ¶ 35. Plaintiff states there was no reason for the transfers because he was not argumentative or suicidal. *Id.* ¶ 30.

Lastly, Plaintiff asserts that Defendant Woomer falsified a misconduct report against Plaintiff causing him additional time in the Restricted Housing Unit ("RHU") that caused him to be without certain amenities. *Id.* ¶¶ 40, 61. Plaintiff claims he was in the RHU for longer periods of time than appropriate. *Id.* ¶ 61. Plaintiff states that Defendants Wetzel, Bickle, Smith, Ivicic, Close, James, and Barrows knew of the illegal treatment of Plaintiff, and allowed it. *Id.* ¶ 63. Plaintiff's claims against Defendants are in their individual and official capacities.

Plaintiff makes constitutional and state claims against Defendants:   First Amendment Retaliation for all the illegal acts described; Eighth Amendment Cruel and Unusual Punishment for the various acts of violence and sexual abuse; Fourteenth Amendment right to due process for preventing the grievance process and obstructing the legal process; Failing to Properly Train, Supervise and Discipline Employees; and state claims of conspiracy, assault and battery. *Id.* at Section V. He seeks monetary and injunctive relief.

On August 1, 2024, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 32) recommending Plaintiff's Amended Complaint (ECF No. 30) be dismissed in part for failure to state a claim, without further leave to amend.  Judge Pesto found that only the claim against Defendant Vicklund for gratuitous force against Plaintiff should go forward.  ECF No. 32, p. 3. He found this claim to be meritorious under *Whitley v. Albers*, 475 U.S. 312 (1986).

> We think the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners in cases such as this one, where the deliberate use of force is challenged as excessive and unjustified. It would indeed be surprising if, in the context of forceful prison security measures, "conduct that shocks the conscience" or "afford[s] brutality the cloak of law," and so violates the Fourteenth Amendment, *Rochin v. California,* 342 U.S. 165, 172,

4

173 (1952), were not also punishment "inconsistent with contemporary standards of decency" and " 'repugnant to the conscience of mankind,' " *Estelle v. Gamble,* 429 U.S. 97, 103 (1976), in violation of the Eighth.

*Whitley,* 475 U.S. at 327.

Judge Pesto recommended all other claims be dismissed for failure to state a claim, without leave to amend. The Court of Appeals, in *Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002), directs courts to allow plaintiffs in civil rights cases leave to amend unless that amendment is "futile" or "inequitable." Judge Pesto provides several reasons for dismissal for failure to state a claim beginning with the fact that Plaintiff only asserts conclusory allegations against the Defendants claiming that they confiscated his things or hurt him but does not plead facts necessary to support the elements of the claim. As stated above, to survive a 12(b)(6) dismissal Plaintiff must state more than conclusory allegations even when giving the pro se Plaintiff pleading leniency.

Judge Pesto also included other bases to dismiss Plaintiff's claims including, that Defendants are entitled to immunity,[2] the remedy of injunctive relief is irrelevant,[3] all claims have not been administratively exhausted,[4] and, what this Court will focus on, Plaintiff's Amended Complaint violates Federal Rule of Civil Procedure 20(a)(2).[5]

---

[2] "The Eleventh Amendment proscribes actions for money damages in the federal courts against states, their agencies, and state officials acting in their official capacities. The DOC, and the agents and employees thereof are entitled to Eleventh Amendment Immunity unless an exception to such immunity applies. Accordingly, Eleventh Amendment sovereign immunity applies and shields the DOC Defendants, as Commonwealth employees, from suit in their official capacity, so long as no exception applies." *Brown v. Smith,* 2019 WL 2411749, *6 (W.D. Pa. June 7, 2019) (citations omitted).

[3] Given that Plaintiff has been transferred to SCI Phoenix, Plaintiff's claim for injunctive relief is no longer available regarding matter at that institution. *See Abdul-Akbar v. Watson,* 4 F.3d 195, 206 (3d Cir. 1993) (district court could not provide plaintiff with meaningful injunctive relief regarding a correctional facility in which he was no longer incarcerated.)

[4] The PLRA mandates that an inmate exhaust "such administrative remedies as are available" before bringing a suit challenging prison conditions. 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

[5] **(a) Persons Who May Join or Be Joined.**

Plaintiff was advised he had fourteen days to file objections to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Plaintiff filed Objections on August 19, 2024 (ECF No. 33).[6] Plaintiff's Objections amounted to a reiteration of his assertions in the Amended Complaint and a disagreement with Judge Pesto's conclusions. Plaintiff stated, "Hill's complaint provided enough detail and facts to pass the failure to state a claim bar." ECF No. 34, p. 1. Plaintiff addressed none of the bases on which Judge Pesto found a failure to state a claim.[7]

Upon review of the record and the Report and Recommendation (ECF No. 32) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and under Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto. Magistrate Judge Pesto correctly determined Plaintiff has failed to state a claim upon which relief can be granted except as to Defendant Vicklund under the Eighth Amendment. Equally convincing, Judge Pesto found that Plaintiff's Amended Complaint runs afoul of the Federal Rules of Civil Procedure.

---

**(2) *Defendants.*** Persons … may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20

[6] Plaintiff filed identical Objections on August 20, 2024 (ECF No. 34).

[7] This Court adds there can be no vicarious liability for a supervisor for civil rights violations of the subordinate. A plaintiff must plead a defendant's personal involvement in the alleged deprivation of his constitutional right. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Each Defendant is liable only for his or her own conduct. *See, e.g., id.; see also Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *Barkes v. First Corr. Med.*, 766 F.3d 307, 316 (3d Cir. 2014) (rev'd sub. nom. on other grounds 575 U.S. 822 (2015)); *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir. 2005). Further, the doctrine of respondeat superior, which makes an employer or supervisor automatically responsible for the wrongdoing of its employees, does not apply under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). For that reason, supervisor-defendants cannot be held liable for every illegal act that takes place in a correctional facility. They are only liable for their own conduct.

6

While the Court agrees with Judge Pesto's substantive bases to dismiss the various claims made by Plaintiff, it will focus on Federal Rule of Civil Procedure 20 ("Permissive Joinder of Parties") as it applies globally to Plaintiff's Amended Complaint. Rule 20 states that defendants may be joined in one action if any right to relief is asserted against them jointly, severally or if the claim arises out of the same transactions or occurrences *and* any question of law or fact is common to all defendants. Here, Plaintiff has provided a series of unrelated occurrences (as many as thirteen different scenarios) that occurred with a laundry list of thirty-seven defendants (22 have been terminated since the original Complaint). The occurrences may have factual similarities or call for the same legal claim, but are wholly unrelated to one another and Plaintiff provides no unifying factual or legal nexus except to make an unsupported allegation that Defendants conspired to mistreat him for retaliatory purposes because he filed grievances and litigation against the DOC.[8]

Rather than dismissing Plaintiff's Amended Complaint, the Court will allow the claim to go forward as to Defendant Vicklund for his actions on January 5, 2021. Magistrate Judge Pesto found the claim against Defendant Vickland to be plausible. The facts of the claim recited in paragraphs 19-24 of the Amended Complaint (ECF No. 30) are that on January 5, 2021, Defendant Proborsky said he was taking Plaintiff's property. ECF No. 30, ¶ 19. Defendant DeLaretta hand-cuffed Plaintiff behind his back and attached an animal tether. Plaintiff was removed from the cell

---

[8] A prisoner asserting a retaliation claim must allege facts showing that (1) he engaged in constitutionally protected conduct; (2) prison officials took an adverse action against the plaintiff that was "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights"; and (3) the existence of "a causal link between the exercise of his constitutional rights and the adverse action taken against him." *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Allah*, 229 F.3d at 225) (alteration in original); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). Plaintiff's only factual assertion of a causal link was on March 22, 2021, Defendant Porta wouldn't quit banging on Plaintiff's door. Porta said, "I'm taking your property – won't be litigating against us." ECF No. 30, ¶ 27. Plaintiff said, "Porta had Hill's clothing; hygienic products; personal property; legal/non-legal material; and bedding material confiscated without penological justification." *Id.* ¶ 29. This may be construed as a retaliatory remark, but this claim must be made in a separate case because it doesn't adhere to FRCP 20.

by Vicklund and N. Smith. Defendants Moyer, Hunt, and DeLaretta confiscated Plaintiff's legal and non-legal material, hygienic products, personal property, and bedding material. *Id.* ¶ 22. During this time, Vickund was pulling on the tether and slamming Plaintiff's face against the wall. *Id.* ¶ 23. Vicklund injured Plaintiff's right wrist and elbow. *Id.* Plaintiff did not provoke Vicklund. *Id.* Plaintiff was seen by medical staff but not treated. *Id.* ¶ 24.

Plaintiff has provided sufficient factual allegations against Vicklund for an Eighth Amendment cruel and unusual punishment claim. As to Defendants Porborsky, Hunt, N. Smith, DeLauretta, and Moyer he has not provided any factual support for a retaliation claim (*see* fn 8), or a Fourteenth Amendment due process claim. There is no viable Fourteenth Amendment claim of deprivation of property without due process because Plaintiff had meaningful post-deprivation remedies for the loss available to him. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."). Plaintiff had the right to file a grievance through the prison administrative process or to file a conversion and replevin action in state court. Plaintiff states he is familiar with these processes because he has "filed many institutional grievances against Defendants...." ECF No. 30, ¶ 17.

Using Judge Pesto's guidance, nothing prohibits Plaintiff from filing separate complaints alleging his new post-January 14, 2021, claims. ECF No. 32, p. 5. Each claim must be supported with specific allegations as to each defendant satisfying the elements of the claim. Granting further amendment as to the dismissed claims is "futile" and "inequitable" and would waste judicial resources. *Id.*

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 9th day of September, 2024, IT IS ORDERED that Magistrate Judge

Pesto's Report and Recommendation (ECF No. 32) is adopted in whole as the Opinion of the Court

and Plaintiff's Objections (ECF No. 34) are overruled, and;

IT IS FURTHER ORDERED that Plaintiff's Eighth Amendment claim against Defendant

Vicklund may go forward; and

IT IS FURTHER ORDERED that all other claims in Plaintiff's Amended Complaint (ECF

No. 30), are dismissed with prejudice.

Stephanie L. Haines
United States District Judge

cc:     Lavond A. Hill
        GC8778
        SCI-Phoenix
        1200 Mokychic Drive
        Collegeville, PA 19426