IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAVOND A. HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:21-cv-008 |
| ) | Judge Stephanie L. Haines |
| Corrections Officer VICKLUND, ) | Magistrate Judge Keith A. Pesto |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM ORDER**

Presently before the Court is a Motion for Summary Judgment (ECF No. 53) filed by the sole remaining Defendant in this case, Corrections Officer Vicklund ("Vicklund").[1] Vicklund seeks to dismiss *pro se* Plaintiff Lavond A. Hill's ("Hill") Second Amended Complaint (ECF No. 30). Vicklund asserts that Hill failed to exhaust his administrative remedies before filing the Complaint in federal court.[2] In support of his Motion Vickund filed a Brief (ECF No. 54) and Concise Statement of Material Facts (ECF No. 55) with Appendix (ECF No. 56). On March 25, 2025, and on April 7, 2025, Hill filed identical Responses with exhibits in Opposition to the Motion (ECF Nos. 59, 63). This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On April 2, 2025, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 61) recommending that the Second Amended Complaint (ECF No. 30) be dismissed for failure to

---

[1] All other defendants were terminated through the Court's rulings (ECF Nos. 35, 39). Though Plaintiff persists in reiterating claims against defendants who are no longer parties to this case, those claims will not be addressed. The only claims remaining pertain to Defendant Vicklund and took place while Hill was incarcerated at State Correctional Institution Houtzdale ("SCI-Houtzdale"). The main of Hill's allegations against Vicklund are that on January 5, 2021 "[w]hile Hill watched his property being confiscated Vicklund was violently pulling on the animal tether that was attached to the hand-cuffs; injuring Hill's right wrist and elbow. Vicklund slammed Hill's face against the wall. Throughout the incident Hill was not out of control and Hill did not provoke defendant." ECF No. 8, § 23.
[2] On December 30, 2024, Magistrate Judge Pesto ordered the Parties to address the issue of exhaustion. (ECF No. 44).

1

exhaust. Hill was advised he had fourteen days to file objections to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. On April 8, 2025, Hill filed a "Supplement" (ECF No. 64).[3] On April 21, 2025, Hill filed duplicate copies of Objections (ECF Nos. 65, 66).

Upon de novo review of the record and review of the Report and Recommendation (ECF No. 61), the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto in this matter. Magistrate Judge Pesto correctly determined that Hill failed to exhaust his administrative remedies before bringing this case in federal court.

In relevant part, Rule 56 ("Summary Judgment") provides:

> A party may move for summary judgment, identifying each claim or defense...on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.
>
> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by...citing to particular parts of materials in the record...or...showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(a), (c).[4] "A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of

---

[3] This Supplement appears to be another attempt at amending the Complaint. Paragraphs 15-54 contain allegations against dismissed defendants and reasserts facts already in the record. This filing was irrelevant to the sole exhaustion issue at hand. To the extent that Hill was attempting to amend his Complaint, he did not seek leave of Court to do so. If Hill is seeking to raise new claims, numerous courts, including courts in this district, have found it proper to refuse to hear claims not first presented to the assigned magistrate judge. *See Kirk v. Meyer,* 279 F. Supp. 2d 617, 619 (E.D.Pa.2003) (collecting cases). This is because the purpose of the Magistrates Act would be frustrated if a district court was required to consider a claim presented for the first time after the party has fully but unsuccessfully litigated his claims before the magistrate judge. *Id.* Thus, the Court declines to consider any new claims that were not presented to the magistrate judge.

[4] Hill muddles together the standards of law for summary judgment and motion to dismiss. He mistakenly cites to the standard of law for a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). A complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This is not the correct standard of law at this stage of the pleadings.

his burden of proof." *Doe v. Abington Friends Sch.,* 480 F.3d 252, 256 (3d Cir. 2007) (citing *Anderson,* 477 U.S. at 248; *Celotex Corp.,* 477 U.S. at 322-23)). The nonmoving party, who must go beyond his or her pleadings and designate specific facts by the use of affidavits, depositions, admissions or answers to interrogatories showing that there is a genuine issue of material fact for trial. *See Celotex,* 477 U.S. at 324. The nonmoving party cannot defeat a well-supported motion for summary judgment by simply reasserting unsupported factual allegations contained in his or her pleadings. *See Williams v. Borough of W. Chester,* 891 F.2d 458, 460 (3d Cir. 1989). However, in deciding a Rule 56 summary judgment motion, the court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences and resolve all doubts in its favor. *See Woodside v. Sch. Dist. of Phila. Bd. of Educ.,* 248 F.3d 129, 130 (3d Cir. 2001); *Santini v. Fuentes,* 795 F.3d 410, 416 (3d Cir. 2015) (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)). The benefit of the doubt will be given to allegations of the non-moving party when in conflict with the moving party's claims. *See Bialko v. Quaker Oats Co.,* 434 F. App'x 139, 141 n.4 (3d Cir. 2011) (citing *Valhal Corp. v. Sullivan Assocs.,* 44 F.3d 195, 200 (3d Cir. 1995)).

In reviewing all the relevant pleadings, this Court reviewed Hill's Response in Opposition to the Motion for Summary Judgment (ECF Nos. 59, 63). In his Response, Hill admits he did not file a grievance against Vicklund,[5] but argues that administrative remedies were unavailable because "multiple former DOC Defendants interfered with his ability to file grievances, through confiscation of Hill's property, placed in cold cells with nothing, warnings and threats, and placed

---

[5] Vicklund also stated that Hill did not file any grievances between the date of the alleged incident, January 5, 2021, and the date this action was commenced, January 15, 2021, ECF No. 55, ¶ 17; ECF No. 56-3, pp. 5-6. Finally, proof on the record finds that no grievances were filed related to an excessive force incident on January 5, 2021. *See* Declaration by Helen Shambaugh, Grievance Officer, ECF No 56-2, ¶ 14.

Hill on institutional DC-709, restrictions that lasted for two weeks at a time – dragging those restrictions for months." ECF No. 63, ¶ 12. Exhibit A to Hill's Response is a copy of the Amended Complaint. Exhibit B to Hill's Response is an Initial Review to Grievance #938028 filed by Hill. (ECF No. 63-2).[6] In his Objections, Hill explains that he provided Exhibit B to prove that the grievance procedure was unavailable to him because of "machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 633 (2016); ECF No. 63, p. 2; ECF No. 65, p. 2. He states that it was impossible for him to file a timely grievance against Vicklund (by January 14, 2021), because his personal property was unconstitutionally confiscated. ECF No. 65, p. 2. Hill also claims he was intimidated from filing grievances because of the treatment of him by the officials. ECF No. 65, p. 2.

Though Hill claims that he was intimidated from filing a grievance, Vicklund, in his pleadings, provided a record of 86 grievances filed by Hill while Hill was incarcerated at SCI-Houtzdale spanning July 2, 2020, through September 2, 2021 (ECF No. 56-3, pp. 5-6). This Court finds that there is no genuine dispute as to any material fact that the administrative exhaustion requirement was not met and Vicklund is entitled to judgment as a matter of law. It is undisputed that no grievance was filed reflecting the incident alleged against defendant Vicklund. But this Court also finds that the administrative grievance process was available to Hill despite Hill's claim that it wasn't. The record proves that Hill was a prolific filer of grievances even though he was often in solitary confinement deprived of personal belongings. Judge Pesto rightly states, "Hill indisputably was able to file grievances when he claims he was not, at a time when a grievance

---

[6] The Grievance Response is dated August 17, 2021, responding to Hill's complaint that officials illegally confiscated his legal material without justification and for harassment and retaliatory purposes. The Grievance Response states that Hill's property was being stored in a secure location while Hill's "continuous behavioral problems" persisted. Hill's Grievance #938028 was denied. ECF No. 63-2, p. 1. In his Objections, Hill claims that Vicklund was one of the officials involved in confiscation of his property. ECF No. 65, p. 2. A copy of Grievance #938028 is not part of the record.

about Vicklund would have been timely." ECF No. 61, p. 4.[7] Given Hill's history in full, this Court finds Hill's argument unpersuasive that he was intimidated from filing a grievance in this instance and the process was unavailable. Hill repeatedly narrates throughout the record the alleged poor, unfair, and violent treatment he received at the hands of many prison officials and yet Hill was not intimidated from filing 86 grievances at SCI-Houtzdale. In fact, he filed a grievance within days of the alleged incident involving Vicklund. Hill states that the Court should not consider any other grievances on the record, but in summary judgment the entire record may be considered. Here the record is telling when considering whether the grievance process was available to Hill. Even viewing the facts in the light most favorable to Hill, the Court finds that Hill's bald assertion that the grievance system was unavailable is weak. Hill's only basis for support is the Grievance Response to Grievance #938028 (date unknown). Hill's claim that Vicklund took part in the confiscation related to Grievance #938028, and that intimidated Hill from filing a grievance against Vicklund is simply unsupported. In light of the record as a whole, the Court is not convinced that the pleadings support a finding of an issue of material fact.

Accordingly, the following order is entered:

**ORDER**

AND NOW, this 3rd day of December, 2025, IT IS ORDERED that Vicklund's Motion for Summary Judgment (ECF No. 53) is hereby GRANTED; and,

IT FURTHER IS ORDERED that Hill's Second Amended Compliant in Civil Action (ECF No. 30) is hereby DISMISSED WITH PREJUDICE; and,

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 61) is adopted as the Opinion of the Court; and,

---

[7] Judge Pesto also cites the availability of extensions to file a grievance if Hill was without personal property needed to file a grievance. *See* ECF No. 61, p. 5.

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

_____
Stephanie L. Haines
United States District Judge